## NOT FOR PUBLICATION WITHOUT THE
## APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4951-17T3

THOMAS GALLAGHER and
JESSICA GALLAGHER,

    Plaintiffs-Appellants,

v.

PUBLIC SERVICE ELECTRIC
AND GAS COMPANY
("PSE&G"),

    Defendant-Respondent.

_____

Submitted October 8, 2019 - Decided August 19, 2020

Before Judges Accurso and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-0128-16.

Richard S. Mazawey, attorney for appellants.

Morgan, Lewis & Bockius LLP, attorneys for respondent (Sean P. Lynch and Jason J. Ranjo, of counsel and on the brief).

PER CURIAM

Plaintiff Thomas Gallagher[1] appeals from a summary judgment dismissing his complaint against defendant Public Service Electric and Gas Company alleging wrongful discharge and failure to reasonably accommodate his disability under the Law against Discrimination (LAD), N.J.S.A. 10:5-1 to -49. He also appeals from the denial of his cross-motion to compel discovery. Because the material facts are not in dispute and defendant is entitled to judgment as a matter of law, we affirm.

The essential facts are few and easily summarized. Plaintiff was a long-time employee of PSE&G. His last position with the company was as a service technician, installing, servicing, and repairing heaters, boilers, air conditioners, sump-pumps, and roof-top heating and air-conditioning units in both residential and commercial buildings. The job was physically demanding, requiring a great deal of standing, bending and climbing ladders. Plaintiff regularly used both hand and power tools, and had to manage equipment permitting him to hoist components weighing up to 800 pounds.

---

[1] Plaintiff also brought claims of intentional and negligent infliction of emotional distress, which his wife joined per quod. Because plaintiff does not address those claims in his merits brief, we consider them abandoned. See Drinker Biddle & Reath LLP v. N.J. Dep't of Law & Pub. Safety, Div. of Law, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011); Pressler & Verniero, Current N.J. Court Rules, cmt. 4 on R. 2:6-2 (2011).

A-4951-17T3

Plaintiff was working in a PSE&G customer's attic in June 2011, when he fell through planks covering "an undisclosed shutter hole," injuring his head, neck, right shoulder, back and both hips. He was out of work through August. In September, plaintiff returned to a "light duty" position, which he characterized as "[sitting] in a room at the PSE&G office." In January 2012, plaintiff underwent hip surgery, and was out of work until March. He returned on light duty for a week in March, calling customers to schedule times to change their gas meters. In April, plaintiff suffered a brain aneurysm, which he claims occurred as a result of his work-related accident. He has never returned to work.

In December 2012, plaintiff applied for social security disability benefits, certifying he was permanently disabled. He was approved for social security disability benefits in June 2012. A physician certified in 2013 in plaintiff's worker's compensation action that he was completely and permanently disabled as a result of his accident due to his cognitive and vestibular symptoms and substantial neck pain, back pain, and headaches.

PSE&G terminated plaintiff's employment in January 2014 because, as plaintiff admits, even after a two-year absence, "he was physically incapable of performing his job with or without a reasonable workplace accommodation,

3

and he could not provide any reliable date when he would be able to return to work."

Plaintiff filed a personal injury action against the PSE&G customer in whose attic he was injured. He testified at trial in that case in 2017, three years after his termination, that his physical limitations were so severe that they prevented him even from performing chores around the house, and that "it wouldn't be practical for an employer to hire [him] whether part-time or full-time," given his medical issues. Plaintiff also presented the testimony of a neuropsychologist, who opined plaintiff would not "be capable of going back to his prior occupation in PSE&G," and that he could not "handle any competitive 40-hour a week job, because of the demands on him physically and mentally."

Finally, plaintiff presented a vocational expert in that suit, who testified plaintiff was "unable to perform" his past job as a service technician and that the skills he acquired in that position "are not transferable." That expert testified that plaintiff could not do any work "on a sustained, regular, full-time basis, meaning eight hours per day five days per week" and was "unemployable for any job in the competitive labor market." The jury rendered a judgment for plaintiff, awarding him damages.

Plaintiff testified at deposition in this case that at no point between his injury in 2012 and his deposition in 2017 was he physically able to climb ladders, carry heavy equipment, use tools or perform his job as a service technician. Plaintiff testified he has difficulty carrying a gallon of milk and cannot stand or bend for long periods. He also testified at deposition that he still suffers from cognitive impairments and balance issues, and that "fast pace[d], multiple jobs" are "too much" for him.

Following discovery, PSE&G moved for summary judgment, contending the bulk of plaintiff's claims were barred by the two-year statute of limitations under the LAD; that plaintiff could not establish a prima facie case of disability discrimination because he admits he was not physically able to perform his job as a service technician with or without an accommodation; that plaintiff was judicially estopped from arguing otherwise in light of his representations to the Social Security Administration and his testimony in his personal injury action and that of his experts; and that further discovery would not alter those facts, which are conclusive of his claims.

Plaintiff opposed the motion, contending his claims were not barred by the statute of limitations and "just because [he] was occupationally disabled as a . . . heating/air-conditioning service technician, does not mean that he was

5

not employable based on his years of experience and expertise in the field to work for PSE&G in another capacity and be provided reasonable accommodations for the disability."

Plaintiff argued he was not judicially estopped from arguing he was employable in another capacity because the legal theories in his personal injury action were different "and the jury did not find that [he] suffered a permanent brain injury, and only found that his injuries were orthopedic in nature," and thus that the jury did not find him "permanently and completely disable[d]."[2]  Plaintiff claimed that his inability to return to the job was as a result of PSE&G mismanaging his recovery, and that given "accommodation and adequate, proper, reasonable and necessary/prescribed medical care/treatment which was to be orchestrated and controlled by PSE&G, [he] would have been able to rehab himself back to a level of satisfactory

---

[2]  Although plaintiff repeats those claims on appeal, he offers no citation to the record to permit us to confirm his assertion.  He also fails to explain why, given he asserted in his personal injury case that he could not work in any capacity and obtained a judgment in his favor, that he should not be barred from taking a contrary position here.  See Bhagat v. Bhagat, 217 N.J. 22, 36 (2014) (explaining that "[a] party who advances a position in earlier litigation that is accepted and permits the party to prevail in that litigation is barred from advocating a contrary position in subsequent litigation to the prejudice of the adverse party").  Because, like the trial judge, we consider plaintiff's admissions in this matter dispositive of his claim, we need not consider this issue further.

employability." Plaintiff also argued that with discovery, he could "prove that over 96 other employees, all with troubled backgrounds and with similar and/or different circumstances (i.e., alcohol/drug abuse, injuries, criminal records), were all given continuous employment with PSE&G and provided reasonable accommodations for said employment."

After hearing argument, the trial court granted PSE&G's motion, and denied plaintiff's cross-motion for discovery. The judge found she didn't need to address PSE&G's arguments that plaintiff's claim was time-barred or that he was judicially estopped from arguing he was employable in some capacity, contrary to the positions taken in his social security claim and personal injury actions, because plaintiff, by his own admissions in this action, could not establish a prima facie case of disability discrimination.

Specifically, the court relied on the express provision of N.J.S.A. 10:5-4.1, in which the Legislature directed that the LAD "shall be construed to prohibit any unlawful discrimination against any person because such person is or has been at any time disabled or any unlawful employment practice against such person, unless the nature and extent of the disability reasonably precludes the performance of the particular employment." Because plaintiff admitted on the motion that he could not perform his former job as a service technician, his

"particular employment," with or without an accommodation, the judge found he could not establish either a failure to accommodate or wrongful termination claim under the LAD.

The judge rejected plaintiff's argument that PSE&G's alleged mismanagement of his recovery altered the analysis. The judge noted that plaintiff's medical treatment for his work-related injury was within the jurisdiction of the workers' compensation court and that plaintiff was precluded by the exclusivity provision of the Workers' Compensation Act, N.J.S.A. 34:15-8, from bringing a claim in the Law Division that PSE&G negligently attended to plaintiff's recovery. Because plaintiff's admission that he could not perform his former job with or without an accommodation was dispositive of his cause of action, the judge found additional discovery related to other employees was unwarranted and denied his cross-motion to compel production of other employees' personnel records.

Plaintiff appeals, reprising the arguments he made in opposition to the motion. We agree with the trial court that summary judgment was properly granted, and that further discovery would not change the outcome.

Plaintiff's admission in this action, six years after his accident, that he cannot perform the job he formerly held as a service technician for PSE&G,

A-4951-17T3

with or without accommodation, makes plain he cannot establish a claim for disability discrimination under the LAD, whether for wrongful termination or for failure to make reasonable accommodations.  See Clowes v. Terminix Int'l, Inc., 109 N.J. 575, 594 (1988) (noting "[t]he Law does not prohibit discrimination against the handicapped where 'the nature and extent of the handicap reasonably precludes the performance of the particular employment'" (quoting N.J.S.A. 10:5-4.1)).  As the Supreme Court has explained, "[t]he second element [of a prima facie case of disability discrimination] requires [the] plaintiff to demonstrate that he or she is qualified to perform the essential functions of the job, or was performing those essential functions, either with or without a reasonable accommodation."  Victor v. State, 203 N.J. 383, 410 (2010).  "The LAD 'leave[s] the employer with the right to fire . . . employees who are unable to perform the job, "whether because they are generally unqualified or because they have a handicap that in fact impedes job performance."'"  Raspa v. Office of Sheriff of Cty. of Gloucester, 191 N.J. 323, 336-37 (2007) (quoting Jansen v. Food Circus Supermarkets, Inc., 110 N.J. 363, 374 (1988)).

Plaintiff admits again in his brief on appeal that he "could not perform his job with or without accommodation and he could not provide a date that he

could return to work." Although he claims that was "because of PSE&G's careless, negligence and maladministration of his [workers' compensation] medical care," we agree with the trial judge that that claim is one for the workers' compensation court and not the Law Division. Because the undisputed facts establish that "the nature and extent" of plaintiff's "disability reasonably preclude[d] the performance of [his] particular employment" as a heating and air-conditioning service technician, N.J.S.A. 10:5-4.1, and his disability "would prevent [him] from performing [that] particular job," N.J.S.A. 10:5-29.1, with or without an accommodation, plaintiff, as a matter of law, could not establish his prima facie case. See Raspa, 191 N.J. at 338-39; see also Grande v. Saint Clare's Health Sys., 230 N.J. 1, 18-21 (2017). Accordingly, we affirm the summary judgment dismissing his complaint and his cross-motion for additional discovery.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10                                                          A-4951-17T3